UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GINN DOOSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>IRS, et al.,<br><br>　　　　　Defendant. | No. CV 07-06223-R (VBK)<br><br>MEMORANDUM AND ORDER DISMISSING<br>COMPLAINT WITH LEAVE TO AMEND |

**INTRODUCTION**

On September 26, 2007, pro se Plaintiff Ginn Doose, a.k.a., Virginia Doose, filed a civil rights complaint pursuant to 42 U.S.C. §1983 against Defendants IRS, TIGTA Office of Investigation; HUD, Attention General Counsel; former Attorney General Alberto Gonzales and his predecessor; RTC/FDIC Regional Director and Claims Settlement Director; and FEMA/DHS Director. (Complaint at 3-4.) Defendants IRS, HUD and FEMA/DHS Director are sued in their official capacities. Defendants Alberto Gonzales and RTC/FDIC Regional Director and Claims Settlement Director are sued both in their individual and official

1  capacities. (See Complaint at 2-4.)¹

2      Plaintiff alleges the following claims against Defendants:

3      1.  Defendant IRS that there is "overtaxation on taxes/monies Plaintiff disputes owing, ongoing harassment, blocking from court to resolve garnishment, failure to remove illegal lien on home that caused Plaintiff to be homeless, unable to rent or purchase place to live;"

4      2.  Defendant HUD that "the failure of HUD to enforce housing statutes, housing fraud, failure to notify Plaintiff/homeowner of transfer of home within the required 24 hours prior to transfer, notification came two week after transfer;"

5      3.  Defendant former Attorney General Albert Gonzales that "failure to perform duty of office to uphold the U.S. Constitution, to Due Process of Law, and Civil Rights Acts

---

¹ The Court takes judicial notice of its own files and records and notes that Plaintiff has filed the following actions in the United States District Court for the Central District of California: Doose v. Federal Government, Case No. CV 91-mc-28243; Doose v. State Water Resource, et al., Case No. CV 92-00353-MRP; Doose v. Federal Court, Case No. CV 92-mc-29172; Doose v. Lane, Case No. CV 92-mc-29173; Doose v. Federal Court, et al., Case No. CV 93-00089-RG-EE; Doose v. Lane, Case No. CV 93-00090-RG-EE; Doose v. Poppen, et al., Case No. CV 94-00387-UA; Doose v. Resolution Trust, et al., Case No. CV 94-02894-UA; Doose v. Resolution Trust, et al., Case No. CV 94-03748-RG-EE; Doose, et al. v. Federal Emergency, et al., Case No. CV 94-04010-UA; Doose v. FEMA, et al., Case No. CV 95-01213-UA; Doose v. FEMA, et al., Case No. CV 95-06053-R-Mc; Doose v. USPS, et al., Case No. CV 96-06840-R-Mc; Doose v. FDIC, et al., Case No. CV 97-08322-CAS-JG; Doose v. FEMA, et al., Case No. CV 98-09507-CAS-JG; Doose v. State of California, et al., Case No. CV 03-09492-UA; Doose v. Albert Gonzales, et al., Case No. CV 06-00467-UA; Doose v. The United States Attorney General, et al., Case No. CV 07-02321-UA.

It appears that Plaintiff has raised similar claims against defendants in these other actions.

2

|   |   |   |
|---|---|---|
| 1 |   | of 1983 Title II, and Title III, access to public |
| 2 |   | facilities/court of law, conspiracy to defraud U.S. |
| 3 |   | Government;" |
| 4 | 4. | Defendant RTC/FDIC Regional Director and Claims Settlement |
| 5 |   | Director that Defendant "breached fiduciary duty, failure to |
| 6 |   | obey an E.O. to deliver Plaintiff's home and property, |
| 7 |   | conspiracy;" and |
| 8 | 5. | Defendant FEMA/DHS Director that "failure to resolve suit |
| 9 |   | for damages and non-compliance to administer and enforce |
| 10 |   | national flood insurance program under Title 44 and 42 |
| 11 |   | Health and Safety, statutes and regulations for flood plain |
| 12 |   | management." |

(See Complaint at 3-4.)

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that her civil rights were violated on August 31, 2007, November 9, 2005 and August 1, 2002. (Claims 1-3.)

On August 31, 2007, Plaintiff was handed a HUD approval application letter and told she had been approved for housing. Plaintiff paid her September rent and required security deposit, was handed the keys and walked into the unit that she was told she had rented. Plaintiff went to pick up boxes and furniture, and when she returned a notice was taped to the front door stating "Don't move in, call me, you are over the required income." Plaintiff alleges the "garnishing of her income that she does not receive was used as income." The $3,100-plus dollars taken out of her income on illegal garnishing was added as income so after renting a place for her to live she was blocked from moving in. Plaintiff alleges the illegal

3

IRS garnishing takes $400-$500 out of her income so she does not take home enough to rent a place. Plaintiff alleges the IRS has harassed her since February of 1992, the same time frame that Ford Corporation falsified documents with the United States Bankruptcy Court on a default that did not even exist. Plaintiff alleges it had been paid in full almost three years prior to Ford Corporation claiming she was in default in February of 1992 on the loan that did not exist.[2] (See Complaint at 5.)

In 2002, after moving into her deceased uncle's home and out of a HUD apartment she was renting, her wages started being garnished without her being notified. She contacted a tax advocate who was assisting her. She was required to provide taxes for 2002, 2003, 2004 and 2005. It shows that Plaintiff was indigent and was due refunds in the amount of $11,000. Instead of refunding, Plaintiff was sent a letter that said you can't claim garnishment from out of state. "I work and live in the State of California." (Id.)

Plaintiff alleges that the IRS's illegal garnishing of her wages and lien on her property kept her from moving home and/or using equity for housing while she is in Northern California to assist her elderly mother. "The amount claimed by the IRS is the same amount that Ford Corporation said Plaintiff owed on a non-existing loan for $142,000 in February of 1992, which was sent from the same address that was used by Ford; hence, the illegal transfer of her property and home." Plaintiff had her assistant manager at work assisting her in contacting the IRS garnishing department and was told that the IRS can garnish her wages at 90% of her income. (Id.)

---

[2]   It appears that Plaintiff litigated this claim previously.

1    Plaintiff alleges that after her divorce in 1986, she qualified
2 for a program loan under HUD as head of household and as a first time
3 home buyer.  However, that loan company was taken into receivership in
4 May of 1990.  Plaintiff wrote to her first mortgage company, Santa
5 Barbara Federal Savings, in October of 1991 and explained that she was
6 out of work and requested a wraparound loan.  Plaintiff was assigned
7 a new mortgage in April of 1992 with Standard Federal Savings Bank.
8 Plaintiff's loan would remain in receivership with the RTC/FDIC as
9 trustee.  Plaintiff alleges "Defendant HUD has failed to deliver her
10 home and property 'quieting the title' as required under her deed of
11 trust authority of E.O. on April 13, 1994 and has failed to reinstate
12 her in assisting housing until her home is delivered to her." (Id.)[3]

13    Plaintiff alleges that the United States Attorney General has
14 failed to uphold her civil rights under the United States
15 Constitution.  Plaintiff alleges that the FDIC/RTC failed to notify
16 her prior to giving her home to a non-loan holder of her estate, Ford
17 Corporation, while she was awaiting a bankruptcy hearing set for
18 August 11, 1992 and municipal court set for September 15, 1992. (Id.)

19    Plaintiff seeks the following relief: (1) the IRS removal of the
20 illegal loan from home and property and garnishment of wages; (2) HUD
21 needs to assist her with her housing needs and reinstate her on a
22 program low interest loan; (3) her home and property need to be
23 delivered as ordered1 in the E.O. of April 13, 1994; (4) the former
24 Attorney General Alberto Gonzales needs to make amends for failure to

---

[3] These allegations appeared to have been litigated in Doose v. Federal Deposit Insurance Corporation for Resolution Trust Corporation, Department of Housing and Urban Development, Standard Federal Savings Bank, FEMA, The Federal Reserve, FDIC Insurance Division and the City of Simi Valley, Case No. CV 98-09507-CAS (RZx).

perform duty of office; (5) this cause of action needs to be joined to the previously-filed cause of action being blocked from moving into a court of law CV 03-9493 addressing over-taxation. (See Complaint at 6.)

**PROCEEDINGS**

On October 10, 2007, the Court issued a Minute Order ordering Plaintiff to comply with Fed.R.Civ.P. Rule 4(m) and properly serve all Defendants within 120 days of the date of filing of the Complaint.

On October 17, 2007, Plaintiff filed a document entitled "Proofs of Service on Defendants."

On October 31, 2007, Plaintiff filed a document entitled "Plaintiff's Notice of Correction Mailing Address for HUD Region 9."

On November 5, 2007, Plaintiff filed a document entitled "Plaintiff's Notice of Second Mailing to State A.G." On November 15, 2007, Plaintiff filed a document entitled "Plaintiff's Proof of Service on HUD, FEMA/DHS and State of California."

On January 7, 2008, Plaintiff filed a document entitled "Plaintiff's Default on Thirteen of the Named Defendants."

On January 14, 2008, Federal Defendants filed an "Opposition to Plaintiff's Motion for Default on Thirteen of the Named Defendants."

On January 22, 2008, Plaintiff filed a document entitled "Plaintiff's Answer to Defendants' Opposition to Default; Motion to Strike Defendants' Opposition to Default and Request Pre-trial Date."[4]

---

[4] On January 7, 2008, Plaintiff filed a "Default on Thirteen of the Named Defendants." Plaintiff lists the following Defendants: "FEMA/DHS, HUD Region 9 San Francisco, CA., Federal Reserve Bank, Standard Federal Savings Bank, FDIC Corporation, RTC/FDIC Trustees, the City of Simi Valley, the United States Post Office of Simi Valley,

1  On March 14, 2008, Plaintiff filed a document entitled "Second
2  Request for; Date Pre-Trial Hearing is Scheduled For."
3  On March 17, 2008, Plaintiff filed a document entitled "Second
4  Request for; Date Pre-Trial Hearing is Scheduled For."

**STANDARD OF REVIEW**

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988).

---

IRS Director, the United States Courts, the United States Supreme Court, the Previous United States Attorney General, and RTC/FDIC Regional Director." The Court notes that many of the these "named Defendants" allegedly served with the Complaint are named Defendants in Plaintiff's prior lawsuits and not named in this action, such as Federal Reserve Bank, City of Simi Valley, the United States Post Office of Simi Valley, the United States Courts, and the United States Supreme Court. Plaintiff alleges that "each and every named Defendant has been notified of the wrongdoing, and has had from one to fifteen years to correct the inhuman treatment of this citizen and failed to take corrective action."

Defendants allege that Plaintiff has not properly served them pursuant to Fed.R.Civ.P. Rule 4. In particular Defendants allege Plaintiff failed to comply with Rule 4(a)(i)(1)(A).

The Court **HEREBY DENIES** Plaintiff's request for default. Plaintiff has failed to properly serve Defendants; thus, default is not warranted under Fed.R.Civ.P. Rule 55.

1    In civil rights cases in which the Plaintiff appears pro se, the
2 pleadings must be construed liberally, so as to afford the Plaintiff
3 the benefit of any doubt as to the potential validity of the claims
4 asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623
5 (9th Cir. 1988).  If, despite such liberal construction, the Court
6 finds that the complaint should be dismissed for failure to state a
7 claim, the Court has the discretion to dismiss the complaint with or
8 without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th
9 Cir. 2000).  A pro se litigant should be given leave to amend, unless
10 it is clear that the deficiencies of the complaint cannot be cured by
11 amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d
12 1103, 1106 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept.,
13 839 F.2d 621, 623 (9th Cir. 1998); Noll v. Carlson, 809 F.2d 1446, 1448
14 (9th Cir. 1987).

15    A pro se pleading must be held to less stringent standards than
16 formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,
17 520 (1972).  However, while a pro se litigant is entitled to
18 considerable leeway when the Court construes his pleadings, those
19 pleadings still must meet some minimum threshold in providing the
20 defendants with notice of what it is that they allegedly did wrong.
21 Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995), cert.
22 denied, 517 U.S. 1103 (1996).  A pro se litigant must follow the Rules
23 of Procedure like any other litigant. Ghazali v. Moran, 46 F.3d 52,
24 54 (9th Cir.), cert. denied, 516 U.S. 838 (1995).
25 //
26 //
27 //
28 //

**DISCUSSION**

For all of the following reasons, Plaintiff's Complaint should be dismissed.

**A.   Plaintiff Has Failed To State A Claim Under Section 1983.**

Plaintiff has filed a civil rights complaint against various federal Defendants for violation of 42 U.S.C. §1983.

42 U.S.C. §1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In order to state a claim under §1983, Plaintiff must allege that: (1) Defendant was acting under color of state law at the time the complained-of act was committed; and (2) Defendant's conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir.), cert. denied, 119 S.Ct. 540 (1998).

Plaintiff also must establish causation, by demonstrating that each Defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between

the Defendant's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy 844 F.2d 628, 633 (9th Cir. 1988).

Federal Defendants cannot be sued under 42 U.S.C. §1983; rather, if Plaintiff is alleging constitutional claims against federal defendants, Plaintiff can obtain damages under the principles set forth in Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

**B. Plaintiff's Claims Against Federal Defendants In Their Official Capacities Are Barred By Sovereign Immunity.**

A United States officer cannot be sued in his official capacity nor a United States agency be sued, unless there is a waiver of sovereign immunity. Any waiver of sovereign immunity must be express. Doe v. Attorney General of United States, 941 F.2d 780, 788 (9th Cir. 1991). The doctrine of sovereign immunity bars claims for monetary damages against federal actors in their official capacities. See, e.g., Thomas Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988)("The United States has not waived its sovereign immunity in actions seeking damages for constitutional violations").

This Court lacks subject matter jurisdiction to consider a constitutional damage claim against the United States, because the United States has not waived sovereign immunity with respect to such claims. Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995);

1  Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas
2  Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th
3  Cir. 1988); Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir.
4  1985), cert. denied, 474 U.S. 1101 (1986); Gilbert v. DaGrossa, 756
5  F.2d 1455, 1458 (9th Cir. 1985); see Doe v. Attorney General of the
6  United States, 941 F.2d 780, 787-88 (9th Cir. 1991).

   Sovereign immunity also extends to the agencies of the federal Government.  See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 486 (1993)(holding that a Bivens claim cannot be brought against a federal agency); Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987)(same).

   "[A] person attempting to sue a federal agency or officer must demonstrate that the claim is covered by specific statutory authorization to sue the United States, or that in effect [the complaint] is not a suit against the United States.  This is a fundamental jurisdictional requirement." 14 Wright Miller and Cooper, Federal Practice and Procedure, Jur. 2d §3655 (1985).  Any waiver of sovereign immunity must be express.  Doe v. Attorney General of the United States, 941 F.2d 780, 788 (9th Cir. 1991).  It is clear that this Court has no subject matter jurisdiction over money damage claims against official actors brought pursuant to Bivens.  See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).  Therefore, due to the doctrine of sovereign immunity, this Court lacks the power to hear Plaintiff's claims against Federal Defendants to the extent that they are being sued for money damages in their official capacity.

   **C.  Plaintiff's Complaint Is Defective**.

   Plaintiff sets forth numerous statutes and constitutional

provisions which she claims authorize her causes of action. However, the Complaint fails to show why a federal court should have jurisdiction over any claims which Plaintiff intends to assert. Plaintiff simply cites federal statutes, the federal Constitution and various state laws, and asserts she is entitled to relief. Plaintiff refers to violations of federal and civil rights laws (42 U.S.C. §1983). Plaintiff does not state an intelligible (let alone cognizable) claim under any of these theories.

Plaintiff's Complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. Although the Court has grave doubts that Plaintiff can state any claims falling within this Court's subject matter jurisdiction, nevertheless, in light of the strong policy favoring liberality in amendment of pro se civil rights actions, Plaintiff will be given leave to try. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff is informed that the Complaint: (a) must set forth the jurisdictional grounds for all claims at the outset; (b) must include only factual allegations directly relevant to Plaintiff's claims, which must be clearly and simply stated; (c) must clearly identify the offending conduct on which each claim is based, including a clear statement of what defendants did or failed to do, and the damage or injury suffered by Plaintiff as a result of defendants' conduct. Plaintiff is further informed that, if civil rights violations are claimed, the Complaint must specifically set forth the federal constitutional right or rights infringed.

As noted, a court may dismiss a frivolous complaint reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind. See,

Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)(citations omitted). Furthermore, a claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See, Toliver v. California Dept. of Corrections, 2000 WL 1456950, *1 (N.D.Cal. 2000)(Order), citing Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989); Pope v. ASCAP, New York Headquarters 2001 WL 182375 (N.D.Cal. 2001)(Order). The Complaint satisfies these standards of frivolity. Plaintiff sets forth bare legal conclusions, with no suggestion of supporting facts; her Complaint postulates events and circumstances of a wholly fanciful kind; and as a result, the Complaint is essentially incomprehensible.

### D. **Plaintiff Is Collaterally Estopped from Raising Claims Already Litigated in Federal Court**.

Under collateral estoppel or issue preclusion, once a Court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the prior litigation. Allen v. McCurry, 449 U.S. 90, 94 (1980); Montana v. United States, 440 U.S. 147, 153 (1979); see Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 77 n.1 (1984); Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993). A litigant who is not a party to the first suit may use collateral estoppel "offensively" against a party who lost the issue in the first suit. Park Lane Hosiery Company v. Shore, 439 U.S. 322 (1979); cf. United States v. Mendoza, 464 U.S. 154 (1984)(doctrine of non-mutual collateral estoppel does not extend to the United States).

To determine the appropriate application of collateral estoppel,

13

the Court makes three inquiries: (1) whether the issues presented by the current litigation are in substance the same as those resolved in the prior litigation; (2) whether controlling facts or legal principles have changed significantly since the prior judgment; and (3) whether other special circumstances warrant an exception to the normal rules of preclusion. Montana v. United States, 440 U.S. at 155. Changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues. Id. at 159. Special circumstances warranting an exception to collateral estoppel include: when an issue of law is raised in a successive action involving unrelated subject matter; or when the prior proceeding was unfair or inadequate, such as when the party did not have the full and fair opportunity to assert the issue raised. See Allen v. McCurry, 449 U.S. at 95, 101; Montana v. United States, 440 U.S. at 162-163.

Collateral estoppel applies in §1983 actions. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993); see Allen v. McCurry, 449 U.S. 90, 103-104 (1980). Federal Courts also accord preclusive effect to issues decided in a prior state court judgment, even when the plaintiff had no opportunity to litigate the claim in a federal forum.

State law governs the application of collateral estoppel to a state court judgment in a §1983 action. Allen, 449 U.S. at 96. California applies collateral estoppel when the following conditions are met: "First, the issue sought to be precluded from relitigation must be identical to that decided in the former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the

14

merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the parties to the former proceeding." Lucido v. Superior Court, 51 Cal.3d 335, 341, 272 Cal.Rptr. 767 (1990), citing People v. Sims, 32 Cal.3d 468, 484, 651 P.2d 321, 186 Cal.Rptr. 77 (1982).

Here, it appears that Plaintiff has previously raised the same claims in her prior federal actions. Because Plaintiff was given an opportunity to litigate her constitutional issues, she should not be allowed to now relitigate the identical issues in a §1983 action. This does not promote comity, judicial economy or the finality of judgment. Accordingly, the within Complaint should be dismissed on collateral estoppel grounds.

### E.  Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

State officers acting in their official capacities receive the same immunity as the government agency that employs them. Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Thus, state Defendants sued for damages in his or her official capacity are entitled to Eleventh Amendment immunity.

### F.  Plaintiff Has Failed to State a Claim Against the Attorney

1 **General**.

2 Plaintiff has failed to state a constitutional violation or violation of a federal statute that would confer jurisdiction upon this Court. Specifically, Plaintiff's complaint against Defendant United States Attorney General does not state a constitutional violation upon which relief may be granted.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend her Complaint to attempt to overcome the defects discussed above, and to allege cognizable constitutional claims. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted thirty (30) days from the date of this Memorandum and Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of any previous Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: April 3, 2008            /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE